IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KHADRA HASSAN ABSHIR,

       Petitioner,

v.                                                                                            No. 2:26-cv-00301-DHU-JFR

KRISTI NOEM, Secretary, U.S. Department of
Homeland Security, Department of Homeland
Security, in her official capacity; TODD M. LYONS,
Acting Director of Immigration and Customs Enforcement,
Immigration and Customs Enforcement, in his official
capacity; DAVID EASTERWOOD, Field Office Director
of Enforcement and Removal Operations, Minneapolis –
St. Paul Field Office, Immigration and Customs Enforcement,
in his official capacity; MARY DE ANDA-YBARRA, Field
Office Director of Enforcement and Removal Operations,
El Paso Field Office, Immigration and Customs Enforcement,
in her official capacity; and WARDEN OF OTERO COUNTY
PROCESSING CENTER, Custodian of Detainees at the Otero
County Processing Center, in their official capacity,

       Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Khadra Hassan Abshir's Petition for Writ

of Habeas Corpus ("Habeas Petition"). Doc. 2. Petitioner alleges that she is being unlawfully

detained after previously being released on her own recognizance, in violation of the Immigration

and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.[1] *Id.* ¶¶ 68-76.

Petitioner asks this Court to order Respondents to release her from custody, or, in the alternative,

order Respondents to provide her with a prompt and individualized bond hearing under 8 U.S.C.

---

[1] Petitioner also alleges that Respondents have unlawfully detained her in violation of the
Administrative Procedure Act ("APA") *Id.* ¶¶ 60-67. However, because the Court grants
Petitioner's Habeas Petition on her INA and Due Process claims, the Court "decline[s] to address
the[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

§ 1226(a) within seven (7) days. *Id.* at 21 ¶ 3. Having considered the parties' briefs and the relevant law, the Court **GRANTS** Petitioner Khadra Hassan Abshir's Petition for Writ of Habeas Corpus.

## I.
## BACKGROUND

1. Petitioner Khadra Hassan Abshir is a native and citizen of Somalia who entered the United States without inspection on February 16, 2023. *Id.* ¶ 33. Since her entry, Petitioner has accrued no criminal history other than a minor parking violation. *Id.* ¶ 34.

2. Shortly after her entry, Petitioner was detained by immigration officials.

3. Petitioner was issued a Notice to Appear and placed in removal proceedings. *Id.* ¶ 33; Doc. 2-2. Her Notice to Appear charged her as being a noncitizen present in the United States who had not been admitted or paroled. Doc. 2-2 at 1.

4. Three days after her entry, on February 19, 2023, Petitioner was released on an Order of Release on Recognizance. Doc. 2-1. Since her release, Petitioner has complied with all release requirements. Doc. 2 ¶ 34.

5. On April 24, 2023, Petitioner filed an Application for Asylum, Withholding of Removal, and for Withholding Under the Convention Against Torture. Doc. 2-3.

6. Petitioner was subsequently issued an Employment Authorization Document, better known as a work permit. Doc. 2 ¶ 34.

7. On January 13, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") in Minnesota. *Id.* ¶¶ 6, 8, 35.

8. Petitioner was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where she remains detained. *Id.* ¶ 37.

On February 5, 2026, Petitioner filed a Habeas Petition. Doc. 2. In her Habeas Petition, Petitioner argues that her custody is properly governed by 8 U.S.C. § 1226(a), rather than by 8

U.S.C. § 1225, because § 1225 does not apply to noncitizens who previously entered the country, and who were explicitly released under § 1226. *Id.* ¶ 69. Petitioner further argues that her detention without a bond re-determination hearing violated her due process rights. *Id.* ¶ 76. She asks this Court to 1) assume jurisdiction over this matter; 2) declare that her current detention without an individualized determination is unlawful; 3) issue a Writ of Habeas Corpus ordering Respondents to release her from custody, or, in the alternative, hold a prompt bond hearing to determine whether she should remain in custody; 4) prohibit Respondents from transferring Petitioner from the District of New Mexico without the Court's approval; 5) award Petitioner attorney fees and costs under the Equal Access to Justice Act ("EAJA"), and any other basis justified by law. *Id.* at 20-21.

On February 27, 2026, this Court issued an Order to Show Cause, requiring Respondents to respond to the Petition within ten (10) business days. Doc. 7.

On March 13, 2026, USA Respondents filed their response to the Habeas Petition. Doc. 11. Warden Castro joined the response. Doc. 9. In their response, Respondents do not dispute Petitioner's facts. *See* Doc. 11. Respondents acknowledge that Petitioner is subject to the detention provisions of § 1225 or § 1226. *Id.* at 1. Respondents' position is that Petitioner is subject to mandatory detention under § 1225(b) based on the plain language of the statute. *Id.* at 2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026). *Id.* Respondents also concede that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* Respondents further concede that that the legal issues in this case are similar to the issues addressed by this Court in *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621

3

(D.N.M. Jan. 16, 2026). *Id.* at 2 n. 2. Respondents do not address Petitioner's argument that her detention without a bond re-determination hearing violated her due process rights.

On March 17, 2026, Petitioner filed her reply. Doc. 12. In her reply, Petitioner reiterates her arguments that her detention is governed by § 1226 and that her re-detention without a bond re-determination hearing violated her procedural due process rights. *Id.* ¶¶ 5-6, 9, 12.

On April 7, 2026, Petitioner filed a status report. Doc. 13. In the status report, Petitioner notifies the Court that she submitted a bond re-determination request with the Otero Immigration Court, and that, on April 6, 2026, she had a bond hearing before the Otero Immigration Court, IJ Samuel Williams. *Id.* ¶ 6; Doc. 13-1. At the bond hearing, IJ Williams' denied bond based on lack of jurisdiction, but also held that, "if jurisdiction were found to be proper, the [Otero Immigration Court] would find that [Petitioner] is neither a danger to the community nor a flight risk and would set a bond in the amount of $7000. The bond would be with Alternatives to Detention ("ATD") as a safeguard." Doc. 13-1 at 1.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing she is being unlawfully detained in violation of the INA and the Due Process Clause.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

4

## III.
## DISCUSSION

### A. Petitioner's Re-Detention Without a Pre-Deprivation Hearing Violated Her Due Process Rights

Petitioner argues that the Due Process Clause bars Respondents from re-detaining her without a bond re-determination hearing. Doc. 2 ¶ 76; Doc. 12 ¶¶ 5-6, 9, 12. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivations of that protected liberty interest accords with the Constitution. *See Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904 (1989).

### 1. Petitioner Possesses a Protected Liberty Interest

Turning to the first step—whether Petitioner possesses a protected liberty interest—this Court finds that Petitioner has a protected liberty interest in her release from immigration custody. Courts have resolved the issue of whether a conditional release rises to the level of a protected liberty interest by comparing the release in the case to the liberty interest in parole in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593 (1972). *See Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 887 (1st Cir. 2010). Like the parole discussed in *Morrissey*, Petitioner's release from immigration custody enabled her "to do a wide range of things," including to "be gainfully employed." 408 U.S. at 482. Indeed, Petitioner was released from immigration custody on her own recognizance in February 2023. Doc. 2-1. Petitioner also had a work permit. Doc. 2 ¶ 34.

This Court, and at least one other in this District, has found that noncitizens acquire a liberty interest once released from immigration detention. *See Garcia Domingo v. Castro*, 806 F.Supp.3d 1246, 1252 (D.N.M. 2025) (Urias, J.) (at TRO stage, finding petitioner released by the Office of Refugee Resettlement demonstrated a substantial likelihood of success on claim that he possesses

a protected liberty interest in release from detention); *Cuya-Priale v. Castro*, No. 2:25-cv-01166-KG-DLM, 2025 WL 3564145, at * 2 (D.N.M. Dec. 12, 2025) (Gonzales, J.) (finding the same at the TRO stage for a petitioner released from detention to seek asylum). Neither Respondents nor the Court can identify any factual distinctions in this case that warrant a different conclusion with respect to this Petitioner's liberty interest.

    2.   A Pre-Deprivation Hearing Was Required Before Petitioner Was Re-Detained

Having found that Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that protected interest accords with the Constitution. To make this determination, the Court considers the three factors outlined in *Mathews v. Eldridge*: 1) "the private interest that will be affected by the official action," 2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and 3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335, 96 S.Ct. 893 (1976).

Turning to the first *Mathews* factor, the Court finds that Petitioner has a significant private interest in remaining free from detention after being released from immigration custody. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the [Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. As mentioned previously, Petitioner was out of immigration custody since February 2023 before being re-detained by ICE, during which time her interest in release grew stronger as she lived freely and presumably "form[ed] the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. Her private interest in freedom from detention is therefore substantial.

6

With respect to the second *Mathews* factor, the Court also finds that the risk of erroneous deprivation in this case is considerable, particularly here where ICE previously released Petitioner and has not shown a change in circumstances or otherwise explained why re-detention is necessary. A pre-deprivation hearing would likely attenuate this risk, but Respondents provided no such hearing to Petitioner before re-detaining her.

Finally, the Court finds that the third *Mathews* factor favors Petitioner as well. Respondents' interest in placing Petitioner in detention absent some reason for doing so is low. Moreover, requiring a pre-deprivation hearing does not undermine the Government's interest in enforcing its immigration laws; it merely ensures its enforcement tactics comport with due process. Further, the effort and costs of providing Petitioner this simple procedural safeguard is minimal.

On balance, the Court finds that under the three *Mathews* factors, Petitioner should have received a pre-deprivation hearing prior to being re-detained.

**B. Petitioner's Ongoing Detention Without a Bond Hearing Is Also Unlawful**

Given the Court's finding that due process requires Petitioner's release, the Court need not make a determination regarding Petitioner's detention authority and entitlement to a bond hearing. However, it is worth noting that this case is not the first to raise this issue in this Court. In fact, as Respondents acknowledge, the Court has already considered the statutory and constitutional issues raised by Petitioner with regard to 8 U.S.C. §§ 1225 and 1226.[2] *See Requejo Roman*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos*, 806 F.Supp.3d 1231 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M.

---

[2] The Court acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have analyzed this issue and reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals, however, has not yet addressed the issue.

Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 -DHU-KK (D.N.M. Feb.3, 2026); *Garcia Sanchez v. Noem*,  No. 2:25-cv-01293-DHU-SCY (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125-DHU-JFR (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175-DHU-LF (D.N.M. Feb. 26, 2026). Because the facts here are not materially different than those this Court analyzed in previous cases, the Court's conclusion is the same. Petitioner, who entered the United States over three years ago, was arrested inside the United States after entering, and was released on her own recognizance, is properly detained pursuant to 8 U.S.C. § 1226. For a detailed account of the Court's reasoning on this issue, see *Requejo Roman*, --F. Supp. 3d --, 2026 WL 125681.

### C.  Immediate Release Is the Appropriate Remedy

While Petitioner is entitled to a bond hearing while detained, such a remedy would not adequately address the most concerning violation present in this case—Respondents' initial re-detention of Petitioner without due process of law. *See, e.g.*, *E.A.T.-B. v. Wamsley*, 795 F.Supp.3d 1316, 1324 (W.D. Wash. 2025) ("[A] post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."). In their response, Respondents fail to address this aspect of Petitioner's claim and present no arguments about the appropriate remedy in this case. *See* Doc. 11.

Several courts analyzing similar facts, including this one, have found that immediate release is the appropriate remedy when the Government's re-detention of someone violates their due process rights. *See, e.g.*, *Wamsley*, 795 F.Supp.3d 1316 (holding that a noncitizen previously released on an order of recognizance had a liberty interest in his continued release, that the *Mathews* factors required a pre-deprivation hearing before any re-detention, and that the appropriate remedy was release); *Valdez v. Joyce*, 803 F.Supp.3d 213 (S.D.N.Y. 2025) (finding the

same); *Garcia-Domingo v. Castro*, 806 F.Supp.3d 1246 (at TRO stage, ordering immediate release of petitioner previously released by the Office of Refugee Resettlement and re-detained without a pre-deprivation hearing); *Alfaro Herrera v. Baltazar*, No. 1:25-cv-04014-CNS, 2026 WL 91470 (D. Colo. Jan. 13, 2026) (finding release the appropriate remedy to remedy unlawful re-detention of noncitizen previously determined by the Office of Refugee Resettlement not to be a flight risk or danger); *Faizyan v. Casey*, No. 3:25-cv-02884-RBM-JLB, 2025 WL 3208844 (S.D. Cal. Nov. 17, 2025) (finding, under *Mathews*, that revocation of Petitioner's release on recognizance without an opportunity to be heard deprived him of his due process rights, and ordering his immediate release); *Chipantiza-Sisalema v. Francis*, No. 25 Civ. 5528 (AT), 2025 WL 1927931 (S.D.N.Y. July 13, 2025) (granting noncitizen's request for immediate release when she was re-detained without notice or hearing after previous release on her own recognizance). This Court concludes the same and finds that the only adequate remedy for the due process violation here is Petitioner's immediate release.

## IV.
## CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents must immediately release Petitioner upon payment of the $7,000 bond previously found by IJ Williams. *See Pastrana-Saigado v. Lyons*, No. 2:25-cv-00950-MLG-LF, Doc. 24 at 2 (D.N.M. Oct. 24, 2025) (ordering respondents to "immediately release [p]etitioner . . . upon payment of the $3,500 bond found in the alternative by the Immigration Judge" in his previous bond order); *Alfaro v. Wamsley*, No. 2:25-cv-01706-TMC, 2025 WL 2822113, at *8 (W.D. Wash. Oct. 2, 2025) (ordering respondents to—within seven (7) days of the order—release the petitioner "from detention or allow [her] release upon payment of

9

the bond amount found in the alternative by the Immigration Judge in his [previous bond] order"). The bond is to include ATD as a safeguard. This relief is appropriate given that IJ Williams has already determined that Petitioner is neither a danger to the community nor a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, April 20, 2026, confirming Petitioner's timely release.

As for Petitioner's request to recover attorney fees and costs of suit, Petitioner may submit an application for such fees and costs within thirty (30) days of this Order pursuant to the EAJA, 28 U.S.C. § 2412. Respondents may respond to Petitioner's application no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

10